IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN THOMAS STICKNEY,           :
    Plaintiff                              :
  v.                                              : Case No. 3:22-cv-180-KAP
NORMAN WEIDLICH, *et al.*,       :
    Defendants                         :

<u>Memorandum Order</u>

    Plaintiff Stickney, an inmate at F.C.I. Loretto, filed nine pages of emails, medical records, and correspondence in the Eastern District of North Carolina in October 2022. That Court construed the documents as a complaint against Norman Weidlich, the medical director at F.C.I. Loretto, and transferred the matter here. Since then the Court has struggled to construe the documents that Stickney has sent in without actually practicing law for him. At this point Stickney's operative complaint is the 15-page Second Amended Complaint with 40 pages of exhibits (Exhibits 1, 2, and A – Z) at ECF no. 28, which dates from March 29, 2023.

    In May 2023, after screening I ordered that version served on defendants Norman Weidlich, Michael Underwood, and Stephanie Hoover. ECF no. 27. Service was at the direction of plaintiff, who had been directed to supply directions for service of previous versions of the complaint on the defendants on February 24, 2023, March 13, 2023, and March 22, 2023. Stickney eventually supplied service copies of his Second Amended Complaint and directions for service on the defendants in June 2023, and the paperwork was sent to the Marshal. The return of service filed at ECF no. 42 makes it appear that the only service copies and directions provided were directed to Weidlich, Underwood, and Hoover. In other words, Stickney has failed to provide directions for service that satisfy Fed.R.Civ.P. 4(i)(3), because he has not provided copies or directions for service on the United States in accordance with Fed.R.Civ.P. 4(i)(1) as is required whenever an employee of the United States is sued in an individual capacity.

    Meanwhile, Stickney continues to file motions for preliminary injunctive relief that relate to ongoing complaints with the medical department at Loretto, not to the Second Amended Complaint, and to file discovery requests. Even if Stickney had properly effected service on the defendants, having a complaint pending does not constitute the Court a medical ombudsman for every grievance plaintiff has with the prison medical service subsequent to the filing of the complaint. Stickney's concern in his latest motion that a medical hold on his record will delay or prevent his transfer to a medical facility appears to have been answered by Acting HSA Krepps on August 18, 2023.

    Plaintiff's motions for preliminary injunctive relief at ECF no. 21 and ECF no. 43

are denied without prejudice until defendants have been served. There is no basis or even a request for an *ex parte* proceeding so, once again, any necessary response to the motions for preliminary injunctive relief can be ordered after service.

Under Fed.R.Civ.P. 4(i)(4)(B), I am required to give plaintiff reasonable time to cure his failure to make service. Therefore:

Plaintiff shall supply copies of his Second Amended Complaint and request summonses for service on the United States. When he does so the Clerk shall issue the summonses and forward them and the Second Amended Complaint to the Marshal for service on the United States at the direction of the plaintiff in accordance with Fed.R.Civ.P. 4(i)(1). Costs of service shall be advanced by the United States.

DATE: September 25, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Brian T. Stickney, Reg. No. 18159-111
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630