IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN THOMAS STICKNEY, : | |
| Plaintiff : | |
| v. : | Case No. 3:22-cv-180-KAP |
| NORMAN WEIDLICH, *et al.*, : | |
| Defendants : | |

<u>Memorandum Order</u>

    I set forth the procedural history of this matter through September 2023 in my last order in this case at ECF no. 46. Since then, plaintiff Stickney has been transferred from F.C.I. Loretto and is now an inmate at FMC Lexington. Stickney filed an inaccurate and premature declaration for entry of default, ECF no. 57, and the defendants were served and filed a timely motion to dismiss, ECF no. 58. Stickney also sent in an untitled paper that the Clerk has docketed as a motion to substitute a party, ECF no. 60,

    In ECF no. 60, Stickney seeks to amend the complaint yet again to add the current medical director at Loretto as a defendant (my interpretation) or to substitute the current medical director for the former medical director, defendant Weidlich, because of Stickney's request for injunctive relief (apparently the Clerk's interpretation). Stickney does this on the strength of correspondence to the current medical director that he sent to the Clerk in March 2023 and that was docketed as a motion to amend at ECF no. 17. I previously took note of that motion in March 2023, considered it part of the attempt to amend the complaint as proposed in ECF no. 12, and explained to Stickney that it would not elicit guesswork on my part. ECF no. 19. About a week later, in what I would reasonably infer was a response to my order, Stickney then filed yet another motion to amend with the next iteration of the complaint as an exhibit at ECR no. 20. This version expressly proposed to add defendant Hoover but did not explicitly or implicitly seek to add the current medical director. I granted that motion, expressly stating who I understood the defendants to be in May 2023, ECF no. 27, and Stickney supplied service paperwork without ever attempting to serve the current medical director. In fact, even Stickney's meritless declaration for entry of default refers to that second amended complaint filed on May 31, 2023 at ECF no. 28. Not only does it not name the current medical director as a defendant, it only refers to the current medical director (in Paragraph 19) in an exculpatory manner, stating that it is "probable" that his discharge of his duties was being thwarted by defendant Underwood.

    The Court of Appeals directs that with two exceptions "federal courts treat *pro se* litigants the same as any other litigant." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 244 (3d Cir. 2013). Those exceptions are liberal construction of pleadings – which does not relieve *pro se* plaintiffs from alleging sufficient facts in their complaints – *id.*, 704

F.3d at 245, and giving notice to *pro se* inmate litigants when a motion to dismiss will be treated as a summary judgment motion. *Id*. Liberal construction of pleadings does not mean that *pro se* litigants can disregard procedural rules or expect the reviewing judge to comb through the record to see what they possibly might have meant (which I nevertheless have done), then to ignore what a plaintiff actually did and grant an after-the-fact claim about what they would have liked to have done if they had known what they were doing.

Therefore, ECF no. 60, whether intended to substitute the current medical director for the former medical director or to add the current medical director, is denied.

On the motion to dismiss, both Rule 56(f)(2)-(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) give a court the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties).

I intend to treat the motion to dismiss in part as a motion for summary judgment. From the exhibits with the motion to dismiss there appears to be a substantial question whether before the complaint was filed Stickney ever completed the administrative remedy process. There is no point to waiting to address that issue. Stickney is directed to produce all evidence he has relevant to his exhaustion of administrative remedies and to brief whether summary judgment is appropriate on that issue. Stickney is directed to respond to the other issues raised in the motion to dismiss as well. If I do not receive a reply on or before February 12, 2024, the motion to dismiss will be granted for lack of opposition.

DATE: January 11, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Brian T. Stickney, Reg. No. 18159-111
F.M.C. Lexington
P.O. Box 14500
Lexington, KY 40512