IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN THOMAS STICKNEY,            :
        Plaintiff            :
        v.                    : Case No. 3:22-cv-180-KAP
NORMAN WEIDLICH, *et al.*,        :
        Defendants           :

## Memorandum Order

Plaintiff Brian Stickney was formerly an inmate at F.C.I. Loretto, serving a sentence imposed in the Eastern District of North Carolina. While at Loretto Stickney sent a letter dated September 6, 2022, to the sentencing judge, alleging that his medical needs were not being met by defendant Weidlich, the medical director at Loretto. The specific problem Stickney raised was the lack of a wheelchair pusher after August 8, 2022, when the fellow inmate who had that job left for a better one. Stickney claimed allowing him to go without a wheelchair pusher amounted to "handicap discrimination." He concluded with the directive: "investigate all this for me and intervene."

The Chief Judge of the Eastern District of North Carolina construed the letter, which had been received by the Clerk's Office on October 12, 2022, as a civil complaint and transferred it here. Stickney thereafter amended his complaint in a four-page version dated March 5, 2023, to add two defendants (Warden Underwood and Bureau of Prisons Director Peters) that Stickney believed were legally responsible for Stickney's lack of a wheelchair pusher. Stickney also referred to a list of "Facts" that described other inadequacies in his conditions of confinement at Loretto. Few definite dates were given, but allegedly a Physician Assistant named Hoover (not named as a defendant) delayed an office visit for two months relating to treatment for a melanoma, and that delay somehow impeded a transfer to a different prison. Hoover also misdiagnosed a hernia as acid reflux. Some unnamed corrections officer wrote fraudulent "shots," (disciplinary citations) to cancel a medical trip. Stickney also alleged "my administrative remedy was obstructed." Later in March 2023, Stickney sought and was granted permission to amend his complaint again, this time adding PA Hoover as a defendant and deleting Director Peters as a defendant. The Second Amended complaint was filed at ECF no. 28.

The 15-page amended complaint was in the form of a cover letter dated March 27, 2023, seeking to add defendant Hoover. It was followed by one page of complaints about Hoover, one page of complaints about Underwood, and a four-page complaint naming Weidlich and Underwood as the defendants. Mostly without dates it alleged in Paragraphs 7-19: 1) Hoover's malfeasance in (a) not moving Stickney's housing assignment closer to the cafeteria, which allegedly caused Stickney to fall down a flight of stairs (the date is not

1

given but there are references elsewhere to the falls happening on February 9, 2022, and February 9, 2023, and one of the years might be a typographical error); (b) not prescribing narcotic pain medication in response to the injuries Stickney suffered; and (c) not issuing Stickney a wheelchair until March 2022. Weidlich's liability is alleged in the course of Paragraphs 9 through 14 based on his denial of an additional request for a walker with four wheels and a seat, and for his role not securing a wheelchair pusher for Stickney. Allegedly, Weidlich and Hoover denied Stickney's request for a wheelchair pusher until April 2022, when a deputy warden allegedly ordered them to provide one. That fellow-inmate aide quit in August 2022, and defendants allegedly made insufficient efforts to secure a new one. In paragraph 12 and subsequently, Stickney related the difficulties he had without a wheelchair pusher, including getting around in icy and snowy weather (presumably in the winter of 2022-23). In Paragraph 15, Stickney related being disciplined unjustly, which led to Stickney requesting an administrative remedy form from his Unit manager that was not provided until 22 days after the incident. That delay allegedly led to the request for a remedy being rejected as untimely. The balance of the complaint alleged additional injuries Stickney allegedly suffered "in the winter" when he fell out of his wheelchair and when on an unspecified date he burned his hand in the cafeteria.

The BOP has a three-tiered (or four-tiered if the informal remedy is counted) system through which a federal prisoner may file a grievance about some aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. An inmate must first use a form BP-8 to "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). An inmate who cannot resolve the problem informally must file "a formal written Administrative Remedy Request, on a form BP-9, [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. §542.14(a). The responding authority is the warden of the inmate's institution, who has 20 days to respond. 28 C.F.R. § 542.18. An inmate not satisfied with the warden's response must appeal that response. The Regional Director for the Northeast Region is the relevant recipient of an appeal from Loretto. The appeal is a form BP-10 that must be filed within 20 days of the warden's signed BP-9 response, *see* 28 C.F.R. § 542.15(a). If the inmate is not satisfied with NERO's response, the final step is by filing a form BP-11 to the BOP's General Counsel within 30 days of the Regional Director's response. *see* 28 C.F.R. § 542.18

Once served, the defendants filed a motion to dismiss, asserting the defense that Stickney had not exhausted the BOP's administrative remedies before filing a complaint. ECF no. 58. I notified the parties that I intended to treat that part of the motion to dismiss as a motion for summary judgment because the exhibits attached to the Brief filed with the motion to dismiss, ECF no. 59, presented a substantial question whether Stickney had

completed the administrative remedy process before filing his complaint. I directed Stickney "to produce all evidence he has relevant to his exhaustion of administrative remedies and to brief whether summary judgment is appropriate on that issue." ECF no. 62.

Stickney, who had been transferred to FMC Lexington, made three responses. The first, ECF no. 63, was a dispute Stickney had over the deduction of the filing fee from his inmate account and has nothing to do with the motion to dismiss. The second, ECF no. 65, styled as a Declaration of Brian Thomas Stickney, sought time to conduct discovery into the merits of the claims, with discovery requests appended that addressed the merits of Stickney's claims, but not the exhaustion or administrative remedies. The third, ECF no. 66, was a one-page letter informing me that Stickney hereby sent "me everything I had for a combine motion to dismiss and summary judgment," a one-page sheet of lined paper discussing someone named praylow and why Stickney's case was different, and 144 pages of medical records, photocopied cases, copies of email correspondence, and handwritten declarations. Those papers included material about the injuries mentioned in the complaint that in some cases allowing those injuries to be dated after the original complaint and in some cases after the Second Amended Complaint was filed. *See* ECF no. 66 at 120 (events in January through March 2023), ECF no. 66 at 38 (injuries in February and March 2023), ECF no. 66 at 34 (events in April 2023), ECF no. 66 at 79-80 (injuries in March and May 2023), ECF no. 66 at 49 (injury in August 2023).

A portion of the papers is responsive to the issue of exhaustion. Stickney enclosed a timeline at ECF no. 66 at 13, that begins with a claim to have filed administrative remedy request No. 1133728 on October 17, 2022. The request itself, ECF no. 66 at 14, directed to Warden Underwood, is dated September 29, 2022. It only describes the problems Stickney relates to not having a wheelchair pusher. Stickney refers to this remedy request by number, *e.g.*, ECF no. 66 at 41, but no other numbered request before the complaint was filed is referred to.

Stickney alleges that he did not receive the Warden's response, ECF no. 66 at 15, which is dated November 3, 2022, and which addressed Stickney's grievance on the merits, until February 7, 2023. The response to Stickney's administrative appeal to the Regional Director, which also addressed the merits of Stickney's appeal, is dated February 7, 2023. ECF no. 66 at 16. There is a one-page typewritten piece of a memo or correspondence from Stickney dated January 21, 2023, ECF no. 66 at 40, which may be part of Stickney's appeal to the Regional Director because in it Stickney explains his disagreement with Warden Underwood's response. There are pages from an informal remedy request and subsequent filings in April and May 2023 at ECF no. 66 at 109-11, and from August 2023 at ECF no. 66 at 116, that appear to relate to a complaint Stickney had about a paramedic named Miller. Those filings have administrative remedy request No. 1160537.

At ECF no. 66 at 22, Stickney does not indicate what remedy he is referring to but relates that he sent a BP-11 to Washington, where "something happened to my remedy there so that they stamped my exhibits and not my BP 11 Form 231. Washington mailed my complaint to North East Region without Form 231 who stamped my letter to Medical Director Krepps threatening to take the Warden Underwood and him to court. Then they mailed me all the exhibits back. It was the government who thwarted the administrative remedy process not me. If something happened to my remedy form it was the government officials who made the Administrative Remedy process unavailable."

Stickney added: "I choose from experience with helping other inmates with law work to mail everything I sent North East Regional B.O.P. with a photocopy of the BP 10 and a carbon copy of a completed form 231 BP 11 to Washington to complete Exhaustion of Administrative Remedy."

Stickney then concluded: "Washington litigation branch for B.O.P. mailed my complaint to North East which is probably what made them answer my request late after 60 days. North East mailed my Washington Remedy exhibits back to me for what I believe was to get me to attach them to Regions late response but I refused because I already completed Remedy. I took Washington's final refusal to return my remedy to me as a rejection and I filed in court."

The defendants' exhibits include a record of grievances filed by Stickney. ECF no. 59-2. They proceeded to different stages of the administrative process. Before the grievances in 2022 that could possibly be relevant to this matter, there is one from 2014, five from 2015, three from 2016, one from 2017, four from 2020, and six from 2021. In 2022 there are two that begin in September: administrative remedy request No. 1132623 seeks a no stairs medical restriction, and administrative remedy request No. 1133728 requests a wheelchair assistant. Administrative remedy request No. 1133728 proceeds from Loretto to the Northeast Region, but no further. There is one request in 2023 directly to the BOP's central office complaining of delays in medical treatment, and other requests not relevant here.

The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory precondition to suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement implies "proper" exhaustion, Woodford v. Ngo, 548 U.S. 81, 91 (2006), together with the corollary proposition that lack of proper exhaustion constitutes procedural default. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); see also Jones v. Bock, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion.")

The filing of a procedurally defective administrative grievance or appeal, where it causes the dismissal of the grievance or appeal, does not satisfy the PLRA's exhaustion requirement. *See* Wright v. Sauers, 729 Fed.Appx. 225, 227 (3d Cir.2018). Substantial compliance with or good faith use of the grievance process is not enough. *See* Mack v. Klopotoski, 540 Fed. Appx. 108, 112 (3d Cir.2013) (use of handwritten copies instead of photocopies); Harris v. Armstrong, 149 Fed.Appx. 58, 59 (3d Cir.2005) (issue raised in third party correspondence but not grievance).

There are circumstances that make an administrative remedy "unavailable," *see* Ross v. Blake, 578 U.S. 632, 643-44 (2016), but as the Supreme Court established in Ross v. Blake and the Court of Appeals had previously established in this circuit, they are limited to those cases where the inmate is prevented by obstruction or intimidation from filing a grievance (what can be called extrinsic unavailability) or cases where the administrative remedy program is either opaque or a meaningless dead end (what can be called intrinsic unavailability). Stickney makes a passing reference to this concept in his complaint by referring to asking a staff member for a remedy form but not getting it until 22 days later. Stickney does not relate that to administrative remedy request No. 1133728, and it does not appear that administrative remedy request No. 1133728 was ever rejected as untimely. If Stickney is trying to excuse lack of exhaustion by making an obstruction claim, he has failed to do so in any colorable way. The rule that a plaintiff's plausible allegations of fact are taken to be true is a pleading rule for the proper construction of complaints: at the summary judgment stage a party needs to support its position with evidence.

*Pro se* litigants "must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting two exceptions not relevant here). One of those rules is that an issue is waived unless a party raises it in its opening brief, and that means coherently raises it. Further, a passing reference to an issue does not suffice to bring that issue before the court. *See e.g.* Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994); Brown v. Wayne County, No. 22-1506, 2023 WL 3376547, at *1 (3d Cir. May 11, 2023), *cert. dismissed sub nom.* Brown v Pennsylvania, No. 23-5092, 2023 WL 6379041 (U.S. Oct. 2, 2023). A *pro se* litigant who makes an incoherent argument or fails to develop an argument with citations to the record waives an issue. Stickney's failure at any stage of the proceeding to submit a coherent argument would justifies the entry of judgment against him. His account at ECF no. 66 at 22 is pure gobbledygook.

Even if Stickney's response did not constitute waiver, he has failed to provide anything either in ECF no. 66 or previously in the record that would preclude summary judgment for the defendant on the grounds of Stickney's lack of exhaustion of

administrative remedies. Defendants have not only discharged the initial burden of pointing the district court to the basis in the record for its argument that there is no genuine issue of material fact, *see* Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986), they have gone on to support the motion for summary judgment on the question of exhaustion with evidence that would entitle them to a verdict on this issue if not controverted. *See* In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (burden of production when moving party bears the burden of proof). Under Fed.R.Civ.P. 56, Stickney is obliged to show a genuine factual dispute about his exhaustion of administrative remedies nevertheless exists, and he has not. To the contrary, his own timeline asserts that the date he filed his administrative remedy was after the date his complaint was docketed.

The record shows that Stickney, who knew well of the existence of a remedy system at Loretto, filed his initial complaint in the Eastern District of North Carolina before any administrative request was disposed of even at the institutional level.

The Clerk is directed to enter judgment for the defendants, and to mark this matter closed.

DATE:  February 14, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Brian T. Stickney, Reg. No. 18159-111
F.M.C. Lexington
P.O. Box 14500
Lexington, KY 40512